517 P.2d 1088

**David B. GILBERT, Petitioner,**

v.

**Hon. Robert E. McGHEE, Respondent;**
**Wanda M. GILBERT, Real Party In Interest.**

**No. 2 CA–CIV 1557.**

Court of Appeals of Arizona,
Division 2.

Jan. 10, 1974.

Rehearing Denied Feb. 5, 1974.

Review Granted Feb. 26, 1974.

Alan L. Slaughter, Payson, for petitioner.

Leven B. Ferrin, Phoenix, for real party in interest.

## OPINION

HATHAWAY, Chief Judge.

This special action attacks a superior court order finding petitioner in contempt for refusing to answer certain questions propounded to him on deposition. The court found that petitioner had waived his privilege against self-incrimination by virtue of his prior testimony on deposition and at trial.

Petitioner and real party in interest were awarded a decree of divorce in May, 1971. Prior thereto, the petitioner was deposed by the wife's attorney concerning the parties' assets, including certain time certificates of deposit with Banco Nacional de Mexico. Subsequent to the divorce decree, petitioner's ex-wife learned of additional time certificates of deposit. Being of the opinion that these additional certificates were community property, undisposed of by the divorce decree, and that she was entitled to one-half thereof, her attorney sought to depose petitioner concerning the six subsequently-discovered certificates. Petitioner declined to answer on the grounds that he might incriminate himself

and, upon his refusal to comply with the court's order to answer, was adjudicated in contempt. We believe the trial court erred in finding that petitioner had waived his privilege against self-incrimination and assumed jurisdiction.

In Phelps Dodge Corp. v. Superior Court, 7 Ariz.App. 277, 438 P.2d 424 (1968), a factual situation remarkably similar to the instant one, we analyzed the "waiver" problem. It was contended there, as here, that prior testimony on deposition precluded subsequent assertion of the privilege when additional discovery procedures were attempted.

 We need not consider whether or not petitioner established a sufficient factual predicate from which the court could, by use of "reasonable judicial imagination" conceive a sound basis for the claim. See Thoresen v. Superior Court, 11 Ariz.App. 62, 461 P.2d 706 (1970). The very state of the record was apparently sufficient to support a conclusion that petitioner had reasonable cause to apprehend danger. If, in fact, the six time certificates of deposit had been purchased by him and he had lied about them in his prior sworn testimony and/or had he failed to report the income therefrom, the threat of criminal prosecution under either state or federal law would be possible.

The instant situation is not one such as in Rogers v. United States, 340 U.S. 367, 71 S.Ct. 438, 95 L.Ed. 344 (1951) which held that the privilege against self-incrimination ceases when a witness, without claim of privilege, testifies to basic criminating facts and then seeks to stop short of giving details which would not further incriminate. Essentially petitioner's position, as to his prior testimony, was that of a witness, compelled to testify, as opposed to a "voluntary" witness. Phelps Dodge Corp. v. Superior Court, supra; Brown v. United States, 356 U.S. 148, 78 S.Ct. 622, 2 L.Ed.2d 589 (1958). We hold, therefore, that petitioner was entitled to assert the privilege of refusing to answer questions which might fairly tend to incriminate him.

It is true that in *Phelps Dodge* we recognized the trial court's power to prevent "distortion" or "garbling" of the truth. We agree with real party in interest that if, as she contends, her former spouse withheld information as to the full nature of the parties' property, such "distortion" should not be permitted. However, she is not foreclosed from establishing the existence of other assets acquired during coverture by means other than petitioner's own testimony. If acquired during coverture, the community property presumption would attach and petitioner, in order to avoid the effect of such presumption, would have the burden of showing otherwise.

There being no "waiver", petitioner's claim of privilege should have been sustained. Consequently, his adjudication of contempt was erroneous and the order is reversed.

KRUCKER, and HOWARD, JJ., concur.